IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>   Plaintiff, <br><br> v. <br><br> R & G Endeavors, Inc., <br> d/b/a Culver's Restaurants of Cottage Grove. <br><br>   Defendant. | Civil Action No. 23-1506 <br><br> **C O M P L A I N T** <br><br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") to correct unlawful employment practices on the bases of disability, and to provide appropriate relief to an aggrieved individual who was adversely affected by such practices.

As alleged with greater particularity below, Defendant R & G Endeavors, Inc., doing business as Culver's of Cottage Grove ("Defendant" or "Culver's") discriminated against an employee with a disability ("Aggrieved Individual"), who worked in Defendant's Culver's fast food restaurant in Cottage Grove, Minnesota, by subjecting him, on the basis of his disability, to workplace harassment and discriminatory compensation, in violation of the ADA.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant operates restaurants as a franchisee of the Culver's fast food chain.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Minnesota and the City of Cottage Grove, in Washington County.

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 444-2021-01591 was filed with the Commission alleging violations of the ADA by Defendant.

10. On July 8, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA when it subjected the Aggrieved Individual to discriminatory harassment and compensation based on his disability.

11. The Commission invited Defendant to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On September 9, 2022, the Commission issued Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Since at least August 2018, Defendant has engaged in unlawful employment practices at its Cottage Grove, Minnesota, restaurant, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), by subjecting the Aggrieved Individual to harassment because of his disability. In particular:

   a) Defendant created a hostile workplace by subjecting the Aggrieved Individual to harassment that included offensive comments and slurs, other verbal abuse, and harassing discipline. For example, for years Defendant's employees, including managers, have frequently shouted at the Aggrieved Individual, belittled him in front of co-workers, used and tolerated the use of slurs such as "retarded," and subjected him to discipline because of his disability.

b) Defendant was aware of the harassment because management employees and owners of Defendant witnessed instances of the harassment.

c) Additionally, Defendant was aware of the harassment because the Aggrieved Individual, his family members, job coach, and others repeatedly reported the harassment to Defendant's supervisors and managers.

d) Defendant failed to prevent and/or promptly remedy the harassment. Even after Defendant received reports about the harassment, Defendant allowed the harassment to continue.

17. Since at least August 2018, Defendant has engaged in unlawful employment practices at its Cottage Grove, Minnesota, restaurant, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), by subjecting the Aggrieved Individual to discriminatory compensation because of his disability. In particular:

a) Despite having worked at the Cottage Grove restaurant longer than most other employees, the Aggrieved Individual's hourly compensation is among the lowest of any employee at the restaurant.

b) For example, as of November 30, 2021, Defendant employed approximately 45 individuals at its Cottage Grove restaurant. Among these 45 employees, only three received lower hourly compensation than the Aggrieved Individual. Each of these three employees was newly hired, whereas the Aggrieved Individual had worked for Defendant for approximately six years.

c) Defendant commonly provides wage raises to its employees after approximately a year of employment.

d) From the date of his hire to at least November 30, 2021, Defendant provided the Aggrieved Individual smaller raises than any other employee receiving raises at the Cottage Grove restaurant.

e) From the date of his hire to at least November 30, 2021, Defendant provided less frequent raises to the Aggrieved Individual than to the typical employee without a disability.

f) Defendant employs multiple individuals who do not have disabilities in dining room and customer-facing work roles similar to the Aggrieved Individual's role, who received higher pay than the Aggrieved Individual at time of hire, and who currently earn as much or more than he does, despite working for Defendant for much shorter periods of time.

g) The Aggrieved Individual receives lower pay – and has received fewer and smaller pay rate increases – than similarly situated, non-disabled employees.

h) The Aggrieved Individual receives lower pay – and has received fewer and smaller pay rate increases – because of his disability.

18. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

19. The unlawful employment practices complained of above were intentional.

20. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

any employment practices which discriminate on the basis of disability in violation of the ADA.

   B.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by the ADA.

   C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of disability status, and which eradicate the effects of its past and present unlawful employment practices.

   D.  Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to prospective wage increases or front pay.

   E.  Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

   F.  Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

   G.  Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

   H.  Order Defendant to pay the Aggrieved Individual who was subjected to the unlawful practices alleged above prejudgment interest.

   I.  Grant such further relief as the Court deems necessary and proper in the public

interest.

J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated May 23, 2023

Gwendolyn Young Reams
Acting General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507


Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov


Justin Mulaire
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: justin.mulaire@eeoc.gov


Carrie Vance
Senior Trial Attorney
EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
Telephone: 414-662-3686

Email: carrie.vance@eeoc.gov

/s/ Greger B. Calhan
Greger Calhan
Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7323
Facsimile: (612) 335-4044
Email: greger.calhan@eeoc.gov